IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PETER SPANN,                       :    CIVIL ACTION
                                   :    NO. 12-4007
          Petitioner,             :
                                   :
     v.                            :
                                   :
ROBERT SHANNON, et al.,            :
                                   :
          Respondents.            :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                           July 29, 2012


          Peter Spann (Petitioner) filed this pro se Petition
for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Habeas
Petition) challenging his custody. Petitioner is currently
incarcerated at the State Correctional Institution–Frackville in
Pennsylvania. Magistrate Judge Angell, determining the Habeas
Petition to be a mixed petition, recommended that it be denied
and dismissed without prejudice for Petitioner's failure to
exhaust state-court remedies. Both parties filed objections.
For the reasons that follow, the Court will overrule
Petitioner's objections, sustain Respondents' objections, and
deny and dismiss the Habeas Petition with prejudice.


I.        **BACKGROUND**

          Petitioner is currently serving a mandatory life
sentence and a concurrent term of ten to twenty years of

imprisonment based on convictions of second-degree murder, possession of an instrument of crime, and criminal conspiracy in the Court of Common Pleas of Philadelphia County. Commonwealth v. Spann, No. 379 EDA 2004, slip op. at 1-3 (Pa. Super. Ct. Oct. 7, 2005). Petitioner filed a timely appeal following his conviction, and the Superior Court of Pennsylvania affirmed the lower court's judgment. Commonwealth v. Spann, 889 A.2d 119 (Pa. Super. Ct. 2005). Petitioner then appealed to the Supreme Court of Pennsylvania. Petition for Allowance of Appeal at 3, Commonwealth v. Spann, No. 634 EAL (Pa. Oct. 31, 2005). On December 28, 2005, the Supreme Court of Pennsylvania denied discretionary review. Commonwealth v. Spann, 8941 A.2d 732 (Pa. 2005).

On September 18, 2006, Petitioner filed a timely collateral appeal pursuant to Pennsylvania's Post Conviction Relief Act (PCRA). Motion for Post Conviction Collateral Relief, Commonwealth v. Spann, No. CP-51-CR-0909971-2002 (Ct. Com. Pl. Phila. Cnty. Sept. 18, 2006). Post-conviction counsel was subsequently appointed, and Petitioner filed an amended petition. Memorandum of Law in Support of Petitioner's First Amended PCRA Petition at 2, Spann, No. CP-51-CR-0909971-2002. In his amended PCRA petition, Petitioner argued that his trial counsel "was ineffective for failing to properly preserve the issue of reversible error in the showing of a gruesome

2

inflammatory autopsy photo of the deceased." Id. On August 9, 2010, the PCRA Court granted the PCRA petition without a hearing, vacated his sentence, and ordered a new trial. Spann, No. CP-51-CR-0909971-2002. The Commonwealth appealed, and the Superior Court of Pennsylvania reversed the PCRA Court. Commonwealth v. Spann, No. 1369 EDA 2010, at 8 (Pa. Super. Ct. July 13, 2011). Petitioner appealed to the Supreme Court of Pennsylvania, raising two issues: "Whether the fact that the PCRA court did not see all of the photographs in question was not determinative" and "Whether the Commonwealth presented overwhelming evidence of the [petitioner's] guilt at trial." Petition for Allowance of Appeal at 1, Commonwealth v. Spann, No. 577 EAL 2011 (Pa. Oct. 3, 2011). On March 29, 2012, the Pennsylvania Supreme Court declined to review the lower court's decision. Commonwealth v. Spann, 42 A.3d 293 (Pa. 2012).

On June 4, 2012, Petitioner filed a second PCRA petition, raising the issue of ineffective assistance of his PCRA counsel. Post Conviction Relief Act Petition at 3, Spann, No. CP-51-CR-0909971-2002. In that petition, Petitioner listed several grounds regarding his trial counsel's ineffectiveness that he argued his PCRA counsel should have addressed during Petitioner's collateral review of his sentence. Id. The PCRA Court recently indicated its intent to dismiss Petitioner's

second petition as untimely. Notice of Intent to Dismiss, Apr. 22, 2013, ECF No. 16.

On July 13, 2012, Petitioner filed the instant pro se Habeas Petition that alleges claims of ineffective assistance of trial counsel and insufficient evidence for conviction. Habeas Pet. ¶ 12. Upon referral, Magistrate Judge Angell submitted her Report and Recommendation, recommending that the Habeas Petition be dismissed without prejudice. Report & Recommendation 9, ECF No. 14 [hereinafter R&R]. Petitioner and Respondents objected, and the matter is now ripe for disposition.

## II.       LEGAL STANDARD

The Court may refer an application for a writ of habeas corpus to a U.S. Magistrate Judge for a report and recommendation. Section 2254 R. 10; see also 28 U.S.C. § 636(b)(1)(B) (2006 & Supp. V 2011). Parties may object to the magistrate judge's report and recommendation within fourteen days after being served with a copy thereof. See 28 U.S.C. § 636(b)(1); E.D. Pa. R. 72.1(IV)(b). The Court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court does not review general objections. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) ("We have provided that § 636(b)(1) requires

4

district courts to review such objections de novo unless the objection is not timely or not specific." (internal quotation marks omitted)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Therefore, the Court will conduct a de novo review of those portions of the Report and Recommendation to which the parties object.

On habeas review, the Court must determine whether the state court's adjudication of the claims raised was (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d) (2006).

## III.    DISCUSSION

The Habeas Petition presents three claims: (1) ineffective assistance of trial counsel in failing to timely object to three unfairly prejudicial autopsy photos displayed to the jury; (2) insufficient evidence on which to convict Petitioner; and (3) ineffective assistance of trial counsel in failing to object to various other evidentiary matters. Habeas Pet. ¶ 12.

In her Report and Recommendation, Magistrate Judge Angell determined that the Habeas Petition is a mixed petition

that includes both exhausted and unexhausted claims. She also determined that there was no reason to stay the case pending exhaustion of the unexhausted claims because Petitioner failed to demonstrate good cause to do so. She therefore recommends that the Habeas Petition be dismissed without prejudice so that Petitioner's second PCRA petition may be disposed of in state collateral proceedings with the presumption that Petitioner can re-file the Habeas Petition after that time.

In their objections, Petitioner and Respondents agree that dismissing the Habeas Petition without prejudice would, in reality, serve as a dismissal with prejudice because any subsequent federal habeas petition would be time-barred. Respondents further argue that the Habeas Petition should be dismissed with prejudice in its entirety because Petitioner's first ineffective-assistance-of-counsel was reasonably denied by the state courts, the insufficient-evidence claim "was a combination of a non-cognizable claim and one that had reasonably been denied by state courts," and the second ineffective-assistance of counsel claim is procedurally defaulted. Resp.'s Objections 4, ECF No. 15. Petitioner requests a stay and abeyance so that he can preserve his federal action while returning to state court to exhaust his unexhausted claims. Pet'r's Objections 5, ECF No. 17.

After reviewing the applicable statutes of limitations, exhaustion requirements, and procedural-default exceptions, the Court finds that Petitioner's insufficient-evidence claim and second ineffective-assistance-of-counsel claim are procedurally defaulted, and Petitioner's ineffectiveness claim regarding the autopsy photos fails on the merits. Therefore, the Court will dismiss all claims with prejudice.

A. PCRA and AEDPA Statutes of Limitations

A petitioner raising claims pursuant to the PCRA must file all PCRA claims within one year of the date on which his state-court judgment became final. 42 Pa. Cons. Stat. Ann. § 9545(b) (West 2013).[1] The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) also imposes a one-year limitations period that begins to run from the date of final judgment. 28 U.S.C. § 2244(d)(1)(A) (2006). However, the period is tolled while a petitioner's timely post-conviction or collateral review

---

[1] Although § 9545(b) enumerates three exceptions to the one-year time bar, none of those exceptions are at issue in this case. Furthermore, Petitioner did not raise any of the exceptions within 60 days of the date on which he could have filed his PCRA claims, which is required under § 9545(b).

is pending in state court. See id. § 2244(d)(2); Merrit v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003).[2]

State court judgments become final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa. Cons. Stat. Ann. § 9545(b)(3); see also 28 U.S.C. § 2244(d)(1)(A). When a petitioner does not pursue appeals through the United States Supreme Court, his judgment becomes final after the time for pursuing direct review in either the Supreme Court or in state court expires. United States v. Thomas, 713 F.3d 165, 174 (2013) (citing Gonzalez v. Thaler, 132 S. Ct. 641, 653 (2012)).

Here, the Pennsylvania Supreme Court denied discretionary review of Petitioner's claims on December 28, 2005. Spann, 8941 A.2d 732. Petitioner then had ninety days to file an appeal with the United States Supreme Court, Sup. Ct. R. 13, which he did not do. Thus, Petitioner's judgment became final on March 28, 2006, ninety days after the Pennsylvania Supreme Court denied discretionary review.

---

[2]      Another tolling exception to AEDPA's statute of limitations is equitable tolling. Merrit, 326 F.3d at 161. However, Petitioner does not argue that he qualifies for such an exception, so the Court will not address it in further detail.

The deadline for Petitioner to file all of his PCRA petitions was March 28, 2007. He timely filed his first petition on September 18, 2006, which began tolling AEDPA's one-year statute of limitations. Motion for Post Conviction Collateral Relief, supra p. 2. When Petitioner filed his PCRA petition, 174 days of that one-year period had lapsed, leaving him 191 days to file a federal habeas petition after the conclusion of his PCRA appeals. The Pennsylvania Superior Court declined to review Petitioner's claims on March 29, 2012. Spann, 42 A.3d 293. Accordingly, the statutory tolling period ended on June 27, 2012. Petitioner was required to file any and all habeas petitions by January 4, 2013, 191 days after his PCRA judgment became final. Therefore, if the Court dismisses the instant Habeas Petition, which was timely filed on July 9, 2012, Petitioner would be unable to file another federal habeas petition at a later date.[3]

---

[3]      Petitioner currently has a second, untimely PCRA petition before the PCRA Court. Post Conviction Relief Act Petition, supra p. 3, at 3. Neither Petitioner nor Respondents assert that this petition has tolled AEDPA's statute of limitations. See Resp.'s Objections 3; Pet'r's Objections 2. Furthermore, only timely PCRA petitions toll the statute of limitations. 28 U.S.C. § 2244(d)(2); see also Merritt, 326 F.3d at 165 (citing Fahy v. Horn, 240 F.3d 239, at 244 (3d Cir. 2001)) ("[A]n untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition."). The Court therefore does not consider the second PCRA petition in its tolling calculus.

B. Exhaustion Requirement

Petitioner is required to exhaust his remedies in state court before the Court can consider the Habeas Petition. 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." Id.

As part of the exhaustion requirement, Petitioner must exhaust his claims by bringing them in state collateral proceedings pursuant to the PCRA after his state-court judgment became final. Petitioner is only excused from this requirement if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa. Cons. Stat. Ann. § 9544(a)(2) (West 2013). The Court will consider each of Petitioner's three claims individually when determining whether Petitioner exhausted his state-court remedies.

1. Petitioner's First Ineffective-Assistance-of-Counsel Claim

Petitioner exhausted his ineffective-assistance-of-counsel claim regarding the autopsy photos by raising it at each level of state collateral proceedings. See R&R 4-5. PCRA rulings

become final for purposes of AEDPA's exhaustion requirement
after the petitioner appeals to the Superior Court of
Pennsylvania. Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir.
2004). Petitioner brought this claim in his first PCRA petition;
both the PCRA Court and the Pennsylvania Superior Court heard
the claim. See Spann, No. CP-51-CR-0909971-2002; Spann, No. 1369
EDA 2010. Petitioner then appealed to the Pennsylvania Supreme
Court, which denied allocatur. Spann, 42 A.3d 293. Therefore,
Petitioner exhausted his first claim pursuant to AEDPA.

### 2. Petitioner's Insufficient-Evidence Claim

Petitioner did not exhaust his insufficient-evidence
claim because he failed to provide each level of the state court
an opportunity to adjudicate it. See McCabe v. Pennsylvania, 419
F. Supp. 2d 692, 696 (E.D. Pa. 2006) (Robreno, J.). He raised
his insufficient-evidence claim on direct appeal, but the
Pennsylvania Supreme Court denied his petition for allowance of
appeal without reaching the merits of that claim. Spann, 8941
A.2d 732. Accordingly, Petitioner was required to exhaust his
claims through state collateral proceedings before filing the
instant Habeas Petition.

However, on collateral review, Petitioner raised his
insufficient-evidence claim for the first time in his petition
for allowance of appeal to the Pennsylvania Supreme Court; he

11

did not raise the claims in either his initial PCRA proceeding or on appeal before the Pennsylvania Superior Court. See id. Therefore, Petitioner failed to exhaust his insufficient-evidence claim.

Furthermore, Petitioner cannot exhaust the claim at this point in the proceedings. A claim that cannot proceed because of a procedural bar in the relevant state law is considered procedurally defaulted. Whitney v. Horn, 280 F.3d 240, 252 (3d Cir. 2002) (citing Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000)). Procedurally defaulted claims should be dismissed without consideration of their merits unless a petitioner can show cause for the procedural default and that he was actually prejudiced by the alleged violation. Locke v. Dillman, Civ. A. No. 11-05833, 2013 WL 141619, at *1 (E.D. Pa. Jan. 9, 2013) (Robreno, J.).

Here, Petitioner would be required to file a new PCRA petition in order to present his insufficient-evidence claim to the PCRA Court and, after that, to the Pennsylvania Superior Court. As discussed above, any PCRA petition that Petitioner files now would be untimely and therefore procedurally barred. Therefore, Petitioner's second claim is procedurally defaulted, and the Court will dismiss it without reaching the merits unless Petitioner can demonstrate cause and actual prejudice, which will be discussed supra Part III.C.

12

### 3. <u>Petitioner's Second Ineffective-Assistance-of-Counsel Claim</u>

Petitioner's second ineffective-assistance-of-counsel claim is also procedurally defaulted because Petitioner did not properly raise the issues included in this claim at any state-court level. Petitioner first mentioned this claim in his second, untimely PCRA petition, wherein he alleged that his PCRA counsel was ineffective for failing to raise the enumerated grounds of his trial counsel's ineffectiveness during Petitioner's original PCRA proceedings. <u>See</u> Post Conviction Relief Act Petition, <u>supra</u> p. 3, at 3. Neither the PCRA Court nor the Pennsylvania Superior Court had the opportunity to determine, within the PCRA's limitations period, whether Petitioner's trial counsel was, in fact, ineffective.

Furthermore, Petitioner's second PCRA petition will be dismissed as untimely without the PCRA Court or the Pennsylvania Superior Court addressing the merits of Petitioner's claims. Therefore, Petitioner's second ineffective assistance of counsel claim is also procedurally defaulted. <u>See</u> <u>Allen v. Rozum</u>, No. Civ. A. 07-3256, 2008 WL 4462083, at *1 (E.D. Pa. Oct. 2, 2008) (Robreno, J.) (dismissing a habeas petition because the PCRA petition in which the underlying claims are raised would likely be dismissed as untimely). Accordingly, the Court will consider

13

whether this claim qualifies for the cause-and-prejudice
exception discussed below.

### C. Cause and Actual Prejudice

Generally, procedurally defaulted claims should be
dismissed with prejudice unless the petitioner can show two
factors: good cause for his default and actual prejudice
resulting from the alleged legal violation. Coleman v. Thompson,
501 U.S. 722, 748 (1991).[4] Also, the Supreme Court recently
acknowledged that a federal court may consider a claim that
would otherwise be procedurally defaulted if a petitioner did
not exhaust his claim on collateral review due to ineffective
assistance of counsel. Martinez v. Ryan, 132 S. Ct. 1309, 1311
(2012). A petitioner can satisfy the "cause" prong of the two-
factor Coleman test if he failed to raise a claim in his
collateral proceedings due to the ineffectiveness of his PCRA
counsel; however, that does not mean that he necessarily
satisfies the "actual prejudice" requirement. Id. at 1319 ("To
overcome the default, a prisoner must also demonstrate that the

---

[4]     A Petitioner may also survive procedural default by
establishing "a 'fundamental miscarriage of justice' to excuse
the default." Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000)
(quoting McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir.
1999)). In other words, a petitioner must present new, reliable
evidence of factual innocence. Schlup v. Delo, 513 U.S. 298, 327
(1995). However, the actual-innocence analysis is irrelevant
here as Petitioner does not allege that new evidence has come to
light to cast doubt on his convictions.

underlying ineffective-assistance-of-trial-counsel claim is a
substantial one, which is to say that the prisoner must
demonstrate that the claim has some merit.”). Ultimately,
neither of Petitioner's procedurally defaulted claims satisfies
the Coleman test.

### 1. Petitioner's Insufficient-Evidence Claim

Petitioner's insufficient-evidence claim does not
qualify for the Martinez exception because his failure to bring
the claim was not a product of ineffective assistance of counsel
during his collateral proceeding. Petitioner attempted to bring
the claim by asserting it in his appeal to the Pennsylvania
Supreme Court; he did not assert it in his initial petition, and
he did not allege in any petition that his failure to do so
resulted from his PCRA counsel's ineffectiveness. Therefore, the
Court will dismiss Petitioner's insufficient-evidence claim with
prejudice because it is procedurally defaulted.

### 2. Petitioner's Second Ineffective-Assistance-of-Counsel Claim

In his second, untimely PCRA petition, Petitioner
asserted that his PCRA counsel was ineffective for failing to
raise several claims regarding his trial counsel's
ineffectiveness. “Where, under state law, ineffective-
assistance-of-trial-counsel claims must be raised in an initial-

review collateral proceeding, a procedural default will not bar a federal habeas court from hearing those claims if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez, 132 S. Ct. at 1311. A federal court may find cause for a petitioner's procedural default if the petitioner demonstrates that four factors were present:

> (1) [T]he ineffective-assistance-of-trial-counsel claim was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that the claim "be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 133 S. Ct. 1911, 1913 (2013) (quoting Martinez, 132 S. Ct. at 1320). If Petitioner is able to satisfy all four of the Martinez factors, then the Court will proceed to consider whether Petitioner was actually prejudiced by the alleged ineffective assistance of his trial counsel.

Here, Petitioner argues that he was unable to raise claims of his trial counsel's ineffectiveness in his initial PCRA review due to his PCRA counsel's ineffectiveness. It is clear that Petitioner satisfies factors two, three, and four of the Trevino test. As to the second factor, Petitioner argues that he was unable to raise the claims of his trial counsel's

16

ineffectiveness because of his PCRA counsel's ineffectiveness. As to the third factor, the alleged error took place during Petitioner's initial PCRA proceeding. And as to the fourth factor, Pennsylvania law required that Petitioner raise the ineffective assistance of trial counsel claim in PCRA Court instead of on direct appeal. 42 Pa. Cons. Stat. Ann. § 9543(a)(2)(ii) (West 2013).

The Court must next consider whether Petitioner satisfies the first factor of the Martinez test, namely, that his claim is substantial. A petitioner must show that "the claim has some merit" in order to demonstrate that it is substantial. Martinez, 132 S. Ct. at 1318 (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)). A claim has merit if "jurists of reason could disagree with the [lower] court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. In the Habeas Petition, Petitioner raises six grounds regarding his trial counsel's ineffectiveness. Habeas Pet. ¶ 12. The Court determines that Petitioner's second ineffective-assistance-of-counsel claim satisfies the substantiality factor of the Martinez test and proceeds to the actual-prejudice prong because no other court has yet this claim on the merits.

17

Petitioner must demonstrate actual prejudice in order to avoid dismissal of his unexhausted claims due to procedural default. Ineffective-assistance-of-counsel claims brought pursuant to habeas petitions follow the same standards as ineffective-assistance-of-counsel claims brought independently. Strickland, 466 U.S. 668, 697-98 (1984). In order to show actual prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In order to show constitutionally ineffective assistance of counsel, "a prisoner must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced his defense." Locke, at *3 (citing Strickland, 466 U.S. at 687; Holland v. Horn, 519 F.3d 107, 120 (3d Cir. 2008)). A federal court should not grant habeas relief unless the state court's adjudication of the underlying claim was unreasonable. 28 U.S.C. § 2254(d).

Although no state court has ruled on the merits of the various evidentiary issues that Petitioner asserts in his second ineffective-assistance-of-counsel claim, the Superior Court's logic in rejecting his exhausted ineffective-assistance-of-counsel claim is instructive. In the instant Habeas Petition,

Petitioner specifies that his trial counsel was ineffective on
several grounds:

> Trial counsel failed to object when the
> prosecutor commented on Petitioner's post-
> arrest silence; when the prosecutor
> published photographs depicting the living
> victim in family photos. Failed to object to
> prior bad/uncharged acts. Failed to object
> to codefendant's pretrial statement and
> failed to require voluntariness
> determination by jury. Failed to challenge
> legal validity of conspiracy conviction.

Habeas Pet. ¶ 12. When the Superior Court determined that
Petitioner's trial counsel was not ineffective, it noted that
the state provided substantial evidence of Petitioner's guilt,
including witness testimony and Petitioner's own admission that
he killed the victim. Spann, No. 1369 EDA 2010, at 8. Even if
the Court found that Petitioner's trial counsel erred by failing
to object in the instances Petitioner discusses above, that
determination would not alter the Superior Court's finding that
the remaining evidence was sufficient for the jury to convict
Petitioner. Petitioner cannot demonstrate that "but for
counsel's unprofessional errors, the result of the proceeding
would have been different." Therefore, Petitioner cannot show he
was actually prejudiced by his trial counsel's actions, and the
Court will dismiss Petitioner's unexhausted ineffective-
assistance-of-counsel claim with prejudice.

19

3. <u>Petitioner's First, Exhausted Ineffective-</u>
<u>Assistance-of-Counsel Claim</u>

Finally, the Court will consider the merits of
Petitioner's ineffective-assistance-of counsel claim regarding
the autopsy photos, which he exhausted through his initial PCRA
proceedings. On PCRA appeal, the Pennsylvania Superior Court
determined that Petitioner's trial counsel was not
constitutionally ineffective for failing to object when a
medical examiner showed the autopsy photos to the jury. <u>Spann</u>,
No. 1369 EDA 2010, at 8. In its opinion, the Superior Court
pointed to the extensive evidence that supported Petitioner's
conviction, including witness testimony and Petitioner's
admission that he killed the victim. <u>Id.</u> at 7-8. The Superior
Court found, therefore, that "even if the photographs had not
been admitted into evidence, the result would have been the
same." <u>Id.</u> at 8. Importantly, the Superior Court also noted the
record failed to indicate that the PCRA Court even viewed the
relevant photos in deciding that Petitioner's trial counsel was
ineffective, further exposing the infirmity of the PCRA Court's
decision. <u>Id.</u> at 6 n.2. The Superior Court was not unreasonable
in its determination that Petitioner was not prejudiced by
counsel's failure to object to the autopsy photos. Therefore,
the Court will dismiss Petitioner's first ineffective-
assistance-of-counsel claim with prejudice.

20

**IV. CERTIFICATE OF APPEALABILITY**

The Court will not issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of his constitutional rights. <u>See</u> <u>Pabon v. Mahanoy</u>, 654 F.3d 385, 392-93 (3d Cir. 2011) (citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

**V.   CONCLUSION**

For the foregoing reasons, the Court declines to adopt the Report and Recommendation in part. The Court will overrule Petitioner's objections, sustain Respondents' objections, and dismiss the Habeas Petition with prejudice. A Certificate of Appealability shall not issue.